UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| *Jane Doe*, | ) | Docket No.: 1:25-cv-411 |
| | ) | |
| PLAINTIFF, | ) | **PLAINTIFF'S COMPLAINT FOR** |
| | ) | **DAMAGES** |
| *v.* | ) | |
| | ) | |
| *Jamie Hermanson*, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

COMES NOW Plaintiff Jane Doe ("PLAINTIFF"), by and through the undersigned

Counsel, and for her Complaint for Damages, states as follows:

PARTIES

1.      PLAINTIFF is a natural person residing in Nevada.

2.      DEFENDANT Jamie Hermanson ("DEFENDANT") is a natural person residing at

1647 Brownfield Rd., Center Conway, NH 03813.

INTRODUCTION

3.      This is a civil action for state tort claims, as more fully set forth below, brought by

PLAINTIFF against DEFENDANT under the Court's diversity jurisdiction pursuant to

28 U.S.C. § 1332.

4.      PLAINTIFF seeks monetary damages in excess of $75,000 arising from

DEFENDANT's wrongful acts as set forth below. *See, e.g.,* ¶ 31.

<u>JURISDICTION AND VENUE</u>

5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1332(a) because the amount in controversy exceeds $75,000, exclusive of interest

and costs, as more fully explained below, and because complete diversity exists

between the parties.

6.    PLAINTIFF is a citizen of Nevada.

7.    DEFENDANT is a citizen of New Hampshire.

8.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial

part of the events or omissions giving rise to the claim occurred within the District

of New Hampshire, and/or because DEFENDANT is subject to personal jurisdiction

in this District.

<u>FACTS COMMON TO ALL COUNTS</u>

9.    Genital Herpes ("HSV") is an incurable sexually transmitted infection. It can be

spread via sexual contact with an infected person. These facts are common

knowledge.

10.    In or around 2021-2022, PLAINTIFF and DEFENDANT were engaged in a sexual

relationship.

11.    PLAINTIFF was tested for HSV and other sexually transmitted infections prior to

engaging in the relationship with DEFENDANT and that testing revealed she was not

infected with HSV.

12.    DEFENDANT was at all relevant times infected with HSV.

13.    DEFENDANT at all relevant times knew that he was infected with HSV, including at

or before the time that he and PLAINTIFF were engaged in a sexual relationship.

14.    Prior to and during the course of the sexual relationship between PLAINTIFF and

DEFENDANT, PLAINTIFF asked DEFENDANT if DEFENDANT had any sexually

transmitted diseases. DEFENDANT told PLAINTIFF that he did not have any such

diseases.

15.    DEFENDANT knew these statements were false at the time he made them to

PLAINTIFF.

16.    DEFENDANT did not wear a condom or take other steps to limit the chances of

spreading HSV to the PLAINTIFF during all or most sexual encounters with

PLAINTIFF.

17.    All or most of the relevant representations DEFENDANT made to PLAINTIFF and

most or all of the sexual intercourse between the parties took place within the State

of New Hampshire.

18.    As a direct and proximate result of the above, DEFENDANT caused PLAINTIFF to

become infected with HSV.

19.    Several years before PLAINTIFF and DEFENDANT began their sexual relationship,

DEFENDANT infected another person with HSV and when confronted with this,

DEFENDANT admitted to that prior person that he was HSV-positive.

20.    PLAINTIFF suffers severely painful outbreaks as a result of her HSV infection.

21.    In addition, PLAINTIFF suffers other symptoms of her infection and side effects

from antiviral medication, including but not limited to headaches, fatigue, memory

issues, and dizziness.

22. PLAINTIFF's outbreaks are often internal, meaning she has no visual symptoms or warning signs, which increases her ongoing fear and anxiety about whether she is having or about to have an outbreak, and how such an outbreak will affect her marital relationship, her husband, and her own health and wellbeing.

23. After learning that she was infected with HSV, PLAINTIFF took the reasonable and responsible step of informing previous sexual partners who she may have unwittingly infected that she had just learned she was infected with HSV and that they themselves should get tested. These communications were difficult and humiliating for PLAINTIFF.

24. On July 2, 2025, PLAINTIFF gave birth to her first child.

25. PLAINTIFF's prenatal care was complicated by her HSV infection.

26. To avoid passing the HSV infection on to her newborn child, PLAINTIFF had to give birth to her child via cesarean section, a costly surgical procedure causing permanent scarring and disfigurement.

27. As a direct and proximate result of the child being born via cesarean section, there were complications in the care of both PLAINTIFF and her newborn child requiring their hospitalization for several days following the child's birth.

28. The newborn child had transient tachypnea as a direct and proximate result of the cesarean birth, treatment for which required several days of care in the neonatal intensive care unit ("NICU").

29. As a direct result of the cesarean birth, PLAINTIFF suffered severe hemorrhaging during and after the birth process. These complications required additional medical care for several days.

30.    Due to the complications caused by the cesarean birth, PLAINTIFF was only able to see her newborn baby for a few brief moments before he was taken to the NICU, and PLAINTIFF was thereafter unable to see or hold her him for the first time until the following day.

31.    Further, PLAINTIFF's time with her newborn was limited to the NICU's visiting hours, meaning she could only see and hold her newborn child for a few hours each visit. PLAINTIFF thereby missed a once-in-a-lifetime opportunity to bond fully with her newborn baby after his birth.

32.    Related medical bills for these procedures and treatment of related complications and exceeded $100,000.00.

33.    As a direct, proximate, and foreseeable result of the DEFENDANT's acts and omissions, the PLAINTIFF has suffered damages, including but not limited to, past and future medical and medication costs for herself and her child, lost wages, past and future psychological treatment costs, pain and suffering, emotional distress, and other damages.

34.    DEFENDANT acted willfully and wantonly, in reckless disregard for others' safety, and in such a way that demonstrated he consciously disregarded a substantial and unjustified risk of harming PLAINTIFF. His conduct was morally culpable and reprehensible.

35.    PLAINTIFF is entitled to compensatory damages and enhanced compensatory damages.

Count I
(Battery)

36.    PLAINTIFF incorporates by reference and re-alleges all previous paragraphs of this

Complaint.

37.    DEFENDANT knew that he was infected with genital herpes and that infecting

PLAINTIFF was the natural and probable consequence of sexual relations with her.

38.    DEFENDANT intentionally made physical contact with PLAINTIFF such that he

would likely infect her with herpes.

39.    DEFENDANT's contact was harmful and/or offensive.

40.    PLAINTIFF did not consent to sexual contact with a person infected with HSV.

DEFENDANT exposed PLAINTIFF to herpes infection and/or the risk thereof

without her consent and/or any consent PLAINTIFF provided is vitiated by

DEFENDANT's fraudulent and false statements and representations.

41.    As a direct, proximate, and foreseeable result, PLAINTIFF has suffered damages.

<u>Count II</u>
(Fraud/Intentional Misrepresentation)

42.    PLAINTIFF incorporates by reference and re-alleges all previous paragraphs of this Complaint.

43.    DEFENDANT misrepresented a material fact, namely that he was free of sexually transmitted infections.

44.    DEFENDANT acted with knowledge that his representation was false or acted with reckless disregard for the truth.

45.    DEFENDANT intended to induce PLAINTIFF to act in reliance on the misrepresentation by engaging in sexual intercourse with him – both with and without a condom – and other sexual acts.

46.    PLAINTIFF justifiably relied on DEFENDANT's misrepresentation by engaging in sexual acts with him, including but not limited to, sexual intercourse and sexual intercourse without a condom or other measures to prevent STI infection.

47.    As a direct, proximate, and foreseeable result, PLAINTIFF has suffered damages.

<u>COUNT III</u>
(Intentional Infliction of Emotional Distress)

48.     PLAINTIFF incorporates by reference and re-alleges all previous paragraphs.

49.     DEFENDANT's actions were extreme and outrageous in that he purposely deceived PLAINTIFF to induce her to engage in sexual acts with him – often without the protection of a condom – even though he knew that doing so carried the significant risk or likelihood of infecting PLAINTIFF with HSV, an incurable, life-altering, and serious disease causing lifelong pain, humiliation, limited life choices, and significant expenses, and did so in order to obtain temporary sexual gratification for himself.

50.     DEFENDANT acted with intentional and/or reckless disregard for the rights, safety, and wellbeing of PLAINTIFF in that he purposely deceived PLAINTIFF to induce her to engage in sexual acts with him – often without the protection of a condom – even though he knew that doing so carried the significant risk or likelihood of infecting PLAINTIFF with HSV, an incurable, life-altering, and serious disease causing lifelong pain, humiliation, limited life choices, and significant expenses.

51.     As a direct, proximate, and foreseeable result, the PLAINTIFF has suffered damages and severe emotional distress, including but not limited to grief over her incurable condition; humiliation in having to inform previous sexual partners of her infection; fear of humiliation from her infected status being shared with others; fear of passing HSV to her child; grief over the scarring caused by the cesarean section; fear and anxiety that her scarring will affect her marital relationship; limited life choices in relationships; constant fear and anxiety about whether she will suffer an outbreak and how such an outbreak will affect her, her husband, and others; and grief over missing irreplaceable time to bond with her newborn baby after his birth.

COUNT IV
(Negligent Infliction of Emotional Distress)

52.    PLAINTIFF incorporates by reference, and re-alleges, all previous paragraphs of this

Complaint.

53.    DEFENDANT acted negligently.

54.    As a proximate result of DEFENDANT's negligence, PLAINTIFF has suffered severe

emotional distress causing physical symptoms and/or physical injury.

55.    PLAINTIFF was in the zone of danger, and suffered physical injury from

DEFENDANT's negligence.

56.    As a direct, proximate, and foreseeable result, the PLAINTIFF has suffered damages

and severe emotional distress, including but not limited to grief over her incurable

condition; humiliation in having to inform previous sexual partners of her HSV

infection; fear of humiliation in the event others learn of her condition; fear of

passing HSV to her child; grief over the scarring caused by the cesarean section; fear

and anxiety that her scarring will affect her marital relationship; limited life choices

in relationships; constant fear and anxiety about whether she will suffer an

outbreak and how such an outbreak will affect her, her husband, and others; and

grief over missing irreplaceable time to bond with her newborn baby after his birth.

<u>Count V</u>
(Negligence)

57.     PLAINTIFF incorporates by reference and re-alleges all previous paragraphs of this

Complaint.

58.     DEFENDANT owed PLAINTIFF a duty of care to disclose his HSV infection, not to

misrepresent his knowledge about his HSV infection, or otherwise to prevent the

transmission of HSV to PLAINTIFF.

59.     DEFENDANT breached his duty in that he failed to disclose his HSV infection,

purposely deceived PLAINTIFF about his HSV infection, and thereby induced her to

engage in sexual acts with him often without the protection of a condom.

60.     As a direct, proximate, and foreseeable result, PLAINTIFF has suffered damages.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, PLAINTIFF respectfully requests that this Honorable Court grant the

following relief:

A.  Enter judgment for PLAINTIFF; and

B.  Award PLAINTIFF compensatory damages;

C.  Award PLAINTIFF enhanced compensatory damages;

D.  Award PLAINTIFF consequential damages, including medical care for her child

    necessitated by DEFENDANT's tortious acts and omissions;

E.  Award pre- and post-judgment interest as permitted by law;

F.  Award reasonable attorney's fees and costs where authorized; and

G.  Award the PLAINTIFF all further relief that this Honorable Court deems just and

    proper.

<u>TRIAL BY JURY</u>

PLAINTIFF hereby demands a trial by jury for all claims so triable.

Respectfully Submitted,
Jane Doe
By, the Law Offices of Martin & Hipple, PLLC


October 17, 2025                    /s/ Seth Hipple
                                   Seth J. Hipple, Esq., #19555
                                   390 Loudon Road
                                   Concord, NH 03301
                                   603.856.0202
                                   SJHipple@NHLegalServices.com

October 17, 2025                    /s/ Stephen Martin
                                   Stephen T. Martin, Esq., # 19567
                                   390 Loudon Road
                                   Concord, NH 03301
                                   603.856.0202
                                   SMartin@NHLegalServices.com